By the Court.—Monell, J.
This was at most, I think, a case of mistaken confidence. Miller was entrusted to sell the malt and collect the price of the sale. He was bound to account for such price to his principal. Having failed to do so, it seems to me the latter alone *304 must suffer. There was nothing in the facts disclosed by the evidence bringing the case within the principle, that when a note is procured by duress or fraud, the burthen rests upon the holder tó show title. In that class of cases, the maker having shown that the note was obtained from Mm by frand or duress, he is in a position to call on the holder to establish the bona-fide of his possession.
In this case there was no pretence that the note had been procured- from the defendant in any improper manner. It was merely attempted to show that Miller, the agent, had cheated, or was endeavoring to cheat, hi s' principal. The defendant had purchased the malt, and his note was for part of the price; and he cannot claim that because Ernst was the principal and the owner of the malt, it is a defence to his note. Miller’s authority to sell and collect covered, certainly as to other persons, authority to sell on credit and to take notes in payment.
The plaintiff was presumptively the bona-fide holder of the note, and nothing was shown removing such presumption, so as to put any burthen on him of strengthening his title.
The judgment is correct and should be affirmed.
Curtis and Sedgwick, JJ., concurred.